**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Plaintiff, | |
| **MAUREEN CASSIDY** | Case No. 2:22-cv-1102-MSG |
| v. | |
| Defendants, | JURY TRIAL DEMANDED |
| **POND LEHOCKY GIORDANO, LLP** | |
| **POND LEHOCKY, LLP** | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES FROM PLAINTIFF'S AMENDED COMPLAINT**

 

**CONSOLE MATTIACCI LAW LLC**

By:  *s/ Daniel S. Orlow*
Daniel S. Orlow, Esquire
1525 Locust Street
Philadelphia, PA 19102

Dated: September 12, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

I. INTRODUCTION ........................................................................................................................ 1

II. SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS RELEVANT TO DEFENDANTS' MOTION TO DISMISS ........................................................................................ 1

III. LEGAL STANDARD ................................................................................................................. 3

IV. ARGUMENT .............................................................................................................................. 4

    A. Plaintiff's Complaint Sufficiently Pleads Conscious Wrongdoing By Defendants And Defendants' Motion Should Be Denied Accordingly ................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................... 3

*Downs v. Borough of Jenkintown,*
    2019 U.S. Dist. LEXIS 50092 (E.D. Pa. Mar. 22, 2019) ........................................... 4

*McClendon v. Dougherty,*
    2011 U.S. Dist. LEXIS 15381 (W.D. Pa. 2011) ....................................................... 4

*Muñoz v. Armstrong Flooring, Inc.,*
    2019 U.S. Dist. LEXIS 92775 (E.D. Pa. June 4, 2019) ............................................ 4

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008) ..................................................................................... 3

*Sharif v. MIQ Logistics, Inc.,*
    2014 U.S. Dist. LEXIS 56678 (M.D. Pa. Apr. 23, 2014) ......................................... 4

## I. INTRODUCTION

Plaintiff, Maureen Cassidy, submits this memorandum of law in opposition to Defendants' motion to dismiss her claim for punitive damages (ECF 24).

## II. SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS RELEVANT TO DEFENDANTS' MOTIONT TO DISMISS

Plaintiff was hired by Defendants in or about December 2015 and held the position of "Coverage Attorney" in Defendants' workers' compensation department. First Amended Complaint (ECF 20), ¶ 21-22. As a Coverage Attorney in Defendants' workers' compensation department, Plaintiff's job duties and responsibilities included providing various forms of litigation support to cases assigned to Handling Attorneys and Partners. Id., ¶ 23.

At the time of her termination, Plaintiff reported to Sam Pond (male), Defendants' Managing Partner. Id., ¶ 24. Significantly, Plaintiff's FAC plausibly alleges that Defendants management was aware of federal and state prohibitions against sex discrimination, yet intentionally implemented systemic sex discriminatory practices despite possessing such knowledge. Specifically, the FAC alleges the following:

- At all relevant times Defendants, inclusive of managing partners Sam Pond and Thomas Giordano, were aware that federal, state, and local law in Pennsylvania prohibits employers from discriminating against employees on the basis of sex and/or gender with respect to the terms and conditions of employment. Id., ¶ 26.

- Defendants were further aware that federal, state, and local law in Pennsylvania prohibits employers from retaliating against employees who object to and/or refuse to participate in sex and/or gender discriminatory practices. Id., ¶ 27.

- Despite its awareness that sex and/or gender discriminatory practices in employment are unlawful, Defendants engaged in a systemic and intentional pattern of promoting and retaining male attorneys and the expense of female attorneys. Id., ¶ 28.

Plaintiff's allegations of systemic sex discrimination are not mere conclusory allegations. As alleged in the FAC, during Plaintiff's employment with Defendants, six (6) out of the seven (7) Handling (first chair) Attorneys in the Defendants' workers' compensation department were male and all of Defendants' Partners were male. Id., ¶ 29-30.  Further, after Alexis Handrich (female) vacated her position as Handling Attorney in Defendants' workers' compensation department Plaintiff asked to be promoted to the vacated position. Id., ¶ 31-32.  The Handling Attorney position vacated by Handrich was never posted, and instead of promoting Plaintiff to Handling Attorney, Defendants promoted Conor Shields (male) even Plaintiff was more qualified than Shield for the position. Id., ¶ 34-37.

Following Shields' promotion to Handling Attorney, Plaintiff repeatedly expressed her desire to Defendants to be promoted to Handling Attorney, but never received such a promotion. Id., ¶ 39-40.  Consistent with its refusal to promote Plaintiff to Handling Attorney, Defendants treated male attorneys better, and in a more preferential manner, than it treated female attorneys, including Plaintiff. Id., ¶ 41.  For example:

- Defendants provided male attorneys, including Taylor Cohen (male), Coverage Attorney, and Nick Liermann (male), Coverage Attorney, with cases, mentoring, greater access to interactions with Partners, and career advancement and networking opportunities that Plaintiff was not offered or provided. Id., ¶ 42.

- Defendants compensated Plaintiff at a rate less than the rate at which it compensated male attorneys of similar background, qualifications, and experience. Id., ¶ 43.

- Defendants gave Cohen significant compensation incentives to work for Defendants, including the promise of a promotion to Handling Attorney and a lump sum payment of $50,000. Id., ¶ 45.

On March 20, 2020, on a phone call with Giordano, Plaintiff was placed on "furlough." The stated reason for Plaintiff being placed on "furlough" was the COVID-19 pandemic. Id., ¶.

Id., ¶ 52. Plaintiff was told that she was not being terminated and that she would be brought back to work "as soon as possible." Id., ¶ 53. Defendants placed on "furlough" eight (8) of the ten (10) female Coverage Attorneys in the workers' compensation department and retained six (6) of the nine (9) male Coverage Attorneys in the workers' compensation department. Id., ¶ 54-55.

On May 6, 2020, Defendants terminated Plaintiff's employment, effective May 31, 2020. Id., ¶ 56. Defendants terminated eight (8) of the ten (10) female Coverage Attorneys in the workers' compensation department, yet retained six (6) of the nine (9) male Coverage Attorneys in the workers' compensation department. Id., ¶ 57-58. Defendants did not terminate any Handling Attorneys, six (6) of the seven (7) of whom were male. Id., ¶ 60. Notably, Plaintiff had no performance or disciplinary issues during her employment with Defendants. Id., ¶ 61.

### III. LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a)(2) merely requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1999). The moving party has "the burden of showing that there is no cognizable claim

for relief" set forth in the complaint. *Stanton v. City of Philadelphia*, 2011 U.S. Dist. LEXIS 19916, 5-6 (E.D. Pa. 2011).

"Stating a claim requires a complaint with enough factual matter (taken as true) to ***suggest*** the required elements." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S. Ct. at 1965 n.3). "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately not prevail on the merits." *Id.* at 231 (citing *Twombly,* 127 S. Ct. at 1964-65, 1969 n.8); *see also McClendon v. Dougherty*, 2011 U.S. Dist. LEXIS 15381, 10 (W.D. Pa. 2011) (determining whether a complaint has been sufficiently pled is one that is "context-specific."). ***Rule of Civil Procedure 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements***." *Phillips*, 515 F.3d at 234.

IV. **ARGUMENT**

    A. **Plaintiff's Complaint Sufficiently Pleads Conscious Wrongdoing By Defendants And Defendants' Motion Should Be Denied Accordingly.**

An award of punitive damages is a fact-specific inquiry that cannot be properly disposed of via a Rule 12(b)(6) motion. In this regard, Courts within the Third Circuit routinely deny motions to dismiss demands for punitive damages prior to discovery. *See e.g., Downs v. Borough of Jenkintown*, 2019 U.S. Dist. LEXIS 50092, at *27-28 (E.D. Pa. Mar. 22, 2019) (denying motion to dismiss plaintiff's demand for punitive damages, noting "at this early stage in the proceedings, the possibility remains that the facts will support a finding that defendants' conduct was sufficiently reckless [] to permit punitive damages" and inviting defendants to "reassert this argument after completion of discovery by motion for summary judgment and/or at trial if warranted by the facts and applicable law"); *Muñoz v. Armstrong Flooring, Inc.*, 2019 U.S. Dist. LEXIS 92775, at *44-45 (E.D. Pa. June 4, 2019) (declining to dismiss plaintiff's demand for punitive damages and

4

inviting defendant to "raise the issue again at summary judgment if, after conducting discovery, no genuine issue of material fact exists regarding punitive damages and [defendant's] conduct"); *Sharif v. MIQ Logistics, Inc.*, 2014 U.S. Dist. LEXIS 56678, at *8 (M.D. Pa. Apr. 23, 2014) ("dismissal of [plaintiff's] request for punitive damages without the development of the factual record through discovery would be premature").

Here, Defendants conspicuously misstate the question before the Court. The question is not whether the facts set forth in the FAC, taken as they are currently plead, surpass the legal threshold for an award of punitive damages. The question is whether the facts alleged in the FAC support a plausible inference that discovery will reveal additional evidence of conduct that could reasonably warrant an award of punitive damages by a jury. Defendants' Motion seems to have disregarded entirely the allegations added to Plaintiff's FAC which, when taken as true, raise a plausible inference that discovery will reveal evidence that Defendants denied Plaintiff a promotion, furloughed her, and terminated her because her gender, despite knowing that such conduct was unlawful. The factual allegations in the FAC further support the plausible inference that discovery will reveal evidence of a broader, intentional, and systemic practice at Defendants of providing male Attorney with more preferential treatment and career progression than female attorneys. Surely, a reasonable jury could be rightfully outraged by the type of systemic discrimination set forth in the FAC (the extent of which is not known at this time) to the point where it would want to punish Defendants and deter such discrimination from continuing in the future.

Notwithstanding these well-plead facts, Defendants make entirely the false statement that "Nothing in Plaintiff's Amended Complaint suggests a positive element of conscious wrongdoing" (ECF 24, p. 5 of 6). In sum, not only is Defendants' Motion procedurally improper and premature

5

due to being raised in a 12(b)(6) motion, but the arguments raised are fundamentally flawed for the additional reason that they rely on a gross mischaracterization of the factual allegations from the FAC.  Lastly, Defendants' Motion also relies on the categorically false premise that an award of punitive damages under Title VII is only viable in situations when internal complaints of sex discrimination are ignored, when discriminatory comments or slurs are made, or when physical harassment takes place.  ECF 24-1, p. 5 of 6.  Defendants have failed to cite to a single case, rule, or statue, that confines punitive damages in sex discrimination cases to such a narrow category of facts, and there is no basis for the Court the reach such a conclusion.

Plaintiff has clearly and plausibly plead facts which raise an inference of conscious and outrageous wrongdoing on the part of Defendants.  Defendants' Motion should be denied accordingly so that this issue can be properly addressed after the development of a complete factual record through discovery.

**CONSOLE MATTIACCI LAW, LLC**

Dated: September 12, 2022        BY: _____
Daniel S. Orlow, Esq.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
Attorneys for Plaintiff, Maureen Cassidy