IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MAUREEN CASSIDY,** | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 22-1102 |
| | : | |
| **POND LEHOCKY GIORDANO, LLP, et al.** | : | |
| | : | |
| *Defendants*. | : | |

## ORDER

**AND NOW**, this 7th day of November, 2022, upon consideration of Defendants' Motion to Dismiss Punitive Damages (Doc. No. 24) and Plaintiff's Response (Doc. No. 25), I find the following:

**Factual Background**

1. Plaintiff's Complaint alleges the following: [1]

   - In December 2015, Plaintiff Maureen Cassidy was hired by Defendant, Pond Lehocky Giordano, LLP and Pond Lehocky, LLP (collectively, "Defendant") as a Coverage Attorney in Defendant's workers' compensation department. Plaintiff was responsible for providing litigation support in cases assigned to Handling (first chair) Attorneys and Partners. During Plaintiff's employment, six out of the seven Handling Attorneys in the workers' compensation department were male, and all of Defendant's Partners were male. (Am. Compl. ¶¶ 21–24, 29–30.)

   - Plaintiff repeatedly expressed her desire to be promoted to Handling Attorney but never received a promotion. She was, however, asked to train certain male attorneys to perform the job duties of a Coverage Attorney. (Id. ¶¶ 31–34, 39–40, 48–51.)

   - Plaintiff alleges that Defendant treated male attorneys better, and in a more preferential manner, than female attorneys. Specifically, she asserts that Defendants provided male attorneys with cases, mentoring, greater access to Partner interaction, and networking opportunities. Plaintiff also alleges that Defendant compensated her at a rate less than the rate at which it compensated male attorneys of similar background, qualifications, and experience for the same type of work. (Id. ¶¶ 41–47.)

---

[1] In deciding a motion under Federal Rule of Civil Procedure, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007).

- On March 20, 2020, Plaintiff was placed on "furlough" due to the COVID-19 pandemic but was reassured that she would be brought back to work as soon as possible. On May 6, 2020, Defendant terminated Plaintiff's employment, effective May 31, 2020. Overall, it terminated eight of the ten female Coverage Attorneys but retained six of the nine male Coverage Attorneys. Defendant did not terminate any Handling Attorneys, six of the seven of whom were male. (Id. ¶¶ 52–58, 60.)

- Pursuant to the terms of her contract of employment with Defendant, Plaintiff was entitled to compensation in connection with various categories of cases that she had brought into the firm. In a May 9, 2020 email, the firm assured her that her compensation agreement would be honored. The parties subsequently exchanged multiple emails regarding the precise amount Plaintiff was owed. Ultimately, on June 3, 2020, the firm offered Plaintiff a lump sum payment in full and final settlement of Plaintiff's outstanding fees. Plaintiff expressed her disagreement with that amount. On June 7, 2020, Plaintiff received a check for $1,862.98, representing a portion of the referral credit fees she was owed on cases between March and May 2020. (Id. ¶¶ 62, 66–82.)

- On June 18, 2020, Plaintiff filed her first Complaint of Discrimination with the Pennsylvania Human Relations Committee ("PHRC"). After that time, Plaintiff received no further payments from Defendant on any cases. (Id. ¶¶ 83–90.)

2. On March 22, 2022, Plaintiff filed a Complaint against Defendant and, thereafter an Amended Complaint, setting forth violations of: (1) Title VII; (2) the Equal Pay Act of 1963; (3) the Pennsylvania Human Relations Act; (4) the Philadelphia Fair Practices Ordinance; and (5) the Pennsylvania Wage Payment and Collection Law.

**Standard of Review**

3. Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

    inference that the defendant is liable for the misconduct alleged." Id.  A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.

4. The United States Court of Appeals for the Third Circuit has detailed a three-step process for a motion to dismiss under Rule 12(b)(6).  Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014).  First, the court outlines the elements required to state a claim for relief.  Id. at 365.  Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth."  Id.  Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'"  Id. (quoting Iqbal, 556 U.S. at 679).  The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. (quoting Iqbal, 556 U.S. at 679).

**Discussion**

5. Plaintiff seeks punitive damages on her claims for sex discrimination and retaliation under Title VII and the Philadelphia Fair Practices Ordinance.  Defendant responds that Plaintiff's request for punitive damages should be dismissed because nothing in the Amended Complaint suggests a "positive element of conscious wrongdoing."  (Def.'s Mot. 5.)  Defendant urges that, absent facts suggesting malice or reckless indifference to protected rights, beyond Plaintiff's bare conclusions and inferences, punitive damages are not sustainable.

6. Punitive damages against a private employer are available under Title VII "if the complaining party demonstrates that the [defendant] engaged in a discriminatory practice . . . with malice or reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. § 1981a(b)(1).  In Kolstad v. American Dental Association, 527 U.S. 526, 535 (1999), the United States Supreme Court rejected the notion that punitive damages can only be premised on an employer's "egregious" misconduct.  Id. at 534–35.  It reasoned that "[w]hile egregious misconduct is evidence of the requisite mental state . . . § 1981a does not limit plaintiffs to this form of evidence, and the section

does not require a showing of egregious or outrageous discrimination independent of the employer's state of mind." Id. at 535. Rather, punitive damages are available if the employer acts with "malice or reckless indifference *to the [plaintiff's] federally protected rights*." Id. (quoting 42 U.S.C. § 1981a(b)(1) (alteration and emphasis in original)). In other words, to be subject to punitive damages, an employer need not be aware that it is engaging in discrimination, only that it may be acting "in the face of a perceived risk that its actions will violate federal law." Id. at 535–36.

7. "Courts typically decline to dismiss a claim for punitive damages prior to discovery." Moore v. Lower Frederick Twp., No. 20-cv-5920, 2022 WL 657068, at *12 (E.D. Pa. Mar. 4, 2022) (citing cases). At the motion to dismiss stage, all that is required is that the plaintiff plead sufficient facts that allow an inference that the defendant employer acted with malice or reckless indifference to the plaintiff's federal rights. See, e.g., id. (declining to dismiss punitive damages where plaintiff adequately pled facts to suggest that the defendant acted willfully, deliberately, maliciously, and/or outrageously); Scuffle v. Wheaton & Sons, Inc., No. 14-cv-708, 2015 WL 1245831, at *8 (W.D. Pa. Mar. 18, 2015) (holding that complaint adequately pled entitlement to punitive damages where plaintiff alleged that defendant employer was aware of harassing and discriminatory conduct, failed to respond to the situation, and disparately denied plaintiff an increase in annual salary and vacation time after she raised complaints).

8. Here, the Amended Complaint alleges that Defendant discriminated against her based on her sex by denying her promotions, paying her less than male counterparts, and offering her less mentoring than male counterparts. (Am. Compl. ¶¶ 31–45.) Plaintiff also asserts that one of Defendant's partners commented on her appearance, and that she was furloughed in favor of male counterparts. (Id. ¶¶ 46–55.) The Amended Complaint then pleads that "Defendants, inclusive of managing partners Sam Pond and Thomas Giordano, were aware that federal, state, and local law in Pennsylvania prohibits employers from discriminating [and retaliating] against employees on the basis of sex and/or gender with respect to the terms and conditions of employment." (Id. ¶¶ 26–27.) Yet, "[d]espite its

4

awareness that sex and/or gender discriminatory practices in employment are unlawful, Defendant[] engaged in a systemic and intentional pattern of promoting and retaining male attorneys at the expense of female attorneys." (Id. ¶ 28.)

9. Such allegations raise a reasonable expectation that evidence obtained in discovery could lead to an inference that Defendant either engaged in intentional discriminatory conduct in violation of Title VII or was recklessly indifferent to plaintiff's federal protected rights thereunder. Accordingly, I will deny Defendant's Motion to Dismiss.

    **WHEREFORE**, it is hereby **ORDERED** that the Motion is **DENIED**. Defendants shall file an answer to the Amended Complaint within **fourteen (14) days** from the date of this Order.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**